IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

THOMAS SWIECH, *individually and on behalf of other similarly situated individuals*,

    Plaintiff,

vs.    Civ. No. 25-47 KK/JMR

LOYA INSURANCE COMPANY,

    Defendant,

*and*

FRANK APODACA, on behalf of the estate of YVONNE APODACA, *on behalf of herself and all others similarly situated*,

    Plaintiff,

vs.    Civ. No. 18-399 KK/JMR

YOUNG AMERICA INSURANCE COMPANY,

    Defendant.

**ORDER PRELIMINARILY APPROVING SETTLEMENT, APPROVING NOTICE TO SETTLEMENT CLASS MEMBERS, AND SETTING DATE FOR FINAL FAIRNESS AND APPROVAL HEARING**

    The parties to the Settlement Agreement entered into by and through their respective counsel on October 15, 2025 (the "Agreement") in the above-captioned actions (the "Actions") have moved for an order granting preliminary approval of the class settlement of the Actions upon the terms and conditions in the Agreement (the "Settlement"). The Court having read and considered the Agreement and the accompanying documents submitted by Plaintiffs and Defendants (each as defined in the Agreement and as set out below), finds and ORDERS as

follows:

IT IS HEREBY ORDERED THAT:

1. The Agreement is hereby incorporated by reference in this Order and, in addition to the terms defined in this Order, all terms defined in the Agreement will have the same meanings in this Order.

2. The Parties include Plaintiffs Thomas Swiech and Frank Apodaca, on behalf of the estate of Yvonne Apodaca, individually and as representatives of the Settlement Class, and Defendants Loya Insurance Company ("LIC") and Young America Insurance Company ("YAIC") (together with the other Released Parties defined in Paragraph 15(ee) of the Agreement, "Loya" or "Defendants").

3. For purposes of determining whether the terms of the Agreement should be preliminarily approved, the following Settlement Class is conditionally certified, for purposes of this Settlement only:

All Loya policyholders and insureds between October 1, 2010 and February 28, 2022, who:

i. resided in New Mexico; and

ii. purchased or otherwise paid premium for an insurance policy that included UM/UIM coverage, and/or

iii. made a claim for UIM benefits after October 1, 2010 under an insurance policy that did not include the disclosure or exclusion required by *Crutcher v. Liberty Mutual Insurance Company*, No. S-1-SC-37478, 501 P.3d 433 (N.M. 2021), and had benefits reduced or denied due to the offset described in *Schmick v. State Farm Mutual Automobile Insurance Co.*, 1985-NMSC-073, 103 N.M. 216, 704 P.2d 1092 (the "*Schmick* Offset")

Excluded from the Settlement Class are (1) any claimant who has separately filed suit

against Loya up to the Notice Date, the subject of which suit includes the reduction or denial of benefits on the basis of a *Schmick* Offset; 2) any individual who has settled a claim for benefits reduced or denied on the basis of a *Schmick* Offset, whose claim was adjusted or readjusted without applying a *Schmick* Offset, and signed a final release prior to the Notice Date; 3) any claimant for whom, at claimant's request, YAIC or LIC has already re-adjusted a claim for benefits reduced or denied on the basis of the *Schmick* Offset prior to the Notice Date; 4) the Judge(s) presiding over the Actions; and 5) any employees of the Released Parties.

4.     The Court expressly reserves the right to determine, should the occasion arise, whether the Actions may be certified as class actions for purposes other than settlement, and Defendants retain all rights to assert that the Actions may not be certified as class actions except for purposes of settlement only. This Preliminary Order is not intended to be a final order on certification of the class for settlement purposes.

5.     The Court finds that (i) the Settlement resulted from extensive arm's-length negotiations; (ii) the Settlement was concluded after counsel for all Parties had conducted adequate investigation; and (iii) the Settlement terms are sufficiently fair, reasonable, adequate and in the best interests of the Settlement Class to warrant sending notice and claim forms to the Settlement Class preliminarily certified for settlement purposes in accordance with Paragraphs 24 to 30 of the Agreement and thereafter holding a hearing regarding, inter alia, (a) final approval of the Settlement and certification of a Settlement Class for settlement purposes only, (b) whether the Notice Program complies with the Federal Rules and due process; and (c) whether Class Counsel's request for attorneys' fees should be approved (the "Final Approval Hearing"). Accordingly, the Court grants preliminary approval of the Settlement and finds that it is sufficiently fair and reasonable to warrant sending notice to persons who may be members of the Settlement Class

preliminarily certified for settlement purposes in accordance with the Class Notice procedures set forth in the Agreement.

6.    Solely for the purposes of the Settlement, the Court preliminarily finds that the prerequisites for a class action under Fed. R. Civ. P. 23(a) and (b)(3) have been satisfied in that: (i) the Settlement Class Members are so numerous that joinder of all Settlement Class Members is impracticable; (ii) there are questions of law and fact common to the Settlement Class; (iii) the claims of the Plaintiffs are typical of the claims of the Settlement Class Members; (iv) the Plaintiffs will fairly and adequately represent the interests of the Settlement Class; (v) the questions of law and fact common to the Settlement Class Members predominate over any questions affecting only individual Settlement Class Members; (vi) and certifying the Settlement Class is superior to other available methods for the fair and efficient adjudication of the controversy.

7.    Plaintiffs are preliminarily found qualified to act as representatives of the Settlement Class and preliminarily appointed as Settlement Class Representatives; and the following Plaintiffs' Counsel are preliminarily appointed as Counsel for the Settlement Class ("Class Counsel"), based on the Court's determination that the requirements of Fed. R. Civ. P. 23(g) are satisfied by this appointment.

> Kedar Bhasker
> LAW OFFICE OF KEDAR BHASKER, LLC
> 2741 Indian School Rd. NE
> Albuquerque, NM 87106
>
> Corbin Hildebrandt
> CORBIN HILDEBRANDT, P.C.
> 2741 Indian School Rd. NE
> Albuquerque, NM 87106
>
> Geoffrey Romero
> Nikko Harada
> Christopher Winters
> ROMERO, HARADA & WINTERS, LLC

4801 All Saints Rd.
Albuquerque, NM 87121

Andrea D. Harris
Matthew Zamora
VALLE, O'CLEIREACHAIN, ZAMORA & HARRIS
1805 Rio Grand Blvd NW, Suite 2
Albuquerque, NM 87104

8. If final approval of the Settlement is not obtained or the events set forth in the Agreement are not satisfied, this preliminary certification order, including the above description of the Settlement Class, shall be vacated *ab initio*. Preliminary certification of the Settlement Class, appointment of Class Counsel and of the Class Representatives, and all actions associated therewith, are binding only with respect to the Settlement and are undertaken on the condition that the certification and designations may be vacated, at the discretion of the Defendants, if the Agreement is terminated or is disapproved in whole or in material part by the Court, any appellate court and/or any other court of review, or if the Agreement is terminated pursuant to Paragraph 69 in the Agreement, in which event: (i) the Agreement and any obligations of Defendants thereunder shall be null and void, except as otherwise expressly provided in the Agreement; (ii) the Court shall vacate the preliminary certification of the Settlement Class; (iii) Defendants and the other Released Parties shall retain the right to object to the maintenance of the Actions and/or any other case on any grounds; and (iv) the Actions shall proceed as if the Agreement had never been entered and the Settlement Class had never been certified, without prejudice or relevance to the Court's consideration on the merits of any arguments for or against a properly submitted motion for class certification.

9. The Settlement and its preliminary approval is not to be deemed an admission of liability or fault by Defendants or by any of the Released Parties, or a finding of the validity of any claims asserted in the Actions, or of any wrongdoing or of any violation of law by Defendants or

any of the Released Parties, or an admission by Defendants or the other Released Parties as to the certifiability of a litigation class in the Actions, or any other case. Neither the preliminary certification of this Settlement Class, nor the Agreement, nor the fact that it was entered into, nor any of its terms, provisions or exhibits, nor any of the negotiations or proceedings connected with it, nor any filings or arguments made to the Court in support of preliminary approval of the Settlement, may be offered, received or construed, in any pending or future civil, criminal or administrative action, as: (i) an admission of or evidence of liability or fault by Defendants or any of the Released Parties or a finding of the validity of any claims asserted in the Actions or of any wrongdoing or of any violation of New Mexico law by any of the Released Parties or; (ii) an admission of or evidence of the appropriateness of certification of a litigation class; or (iii) as evidence for any purpose in this or any other proceeding, including as to the certification of any class, except that such materials may be offered or received in proceedings to enforce the Agreement or if Defendants, at their sole discretion, stipulate to the admission of such evidence. Notwithstanding the foregoing, any of the Defendants or Released Parties may file the Agreement, or any judgment or order of the Court related to it, in any other action that may be brought against them, to support any defenses based on *res judicata*, collateral estoppel, release, or any other theory of claim preclusion or issue preclusion.

10. Epiq Class Action & Claims Solutions, Inc. is preliminarily appointed as third-party settlement administrator ("Settlement Administrator"). The Court will determine whether the Settlement Administrator should be appointed at the Final Approval Hearing.

11. The Settlement Administrator shall cause the Notice and Claim Form submitted to the Court as Exhibits A and C to the Agreement to be distributed in accordance with the procedures set forth in Paragraphs 24 to 30 of the Agreement. As set forth in the Agreement, the

costs associated with providing Notice, whether or not the Agreement obtains final approval or is otherwise terminated, shall be paid out of the Settlement Fund established in the Agreement.

12. The Court has reviewed the class Notice and Claim Form, which it preliminarily approves in form and substance. The Court preliminarily finds that the form and method of notice set forth in Paragraphs 24 to 30 of the Agreement (the "Notice Program"): (i) are reasonable and the best practicable notice under the circumstances; (ii) are reasonably calculated to apprise Settlement Class Members of the pendency of the Actions, of their rights to object to or opt-out of the Settlement, and of the Final Approval Hearing; (iii) constitute due, adequate, and sufficient notice to all persons entitled to receive notice; and (iv) meet the requirements of the Federal Rules of Civil Procedure, the requirements of due process under the New Mexico and United States Constitutions, and the requirements of any other applicable rules or laws. In addition, the Court finds that the claim submission procedures for those Settlement Class Members eligible for a Claim Readjustment Payment and associated Claim Form are fair, reasonable and adequate. Those procedures allow sufficient time and are simple and straightforward so that any Settlement Class Member who chooses to submit a Claim Form has ample opportunity to do so. The Claim Form and claim submission procedures assist the Settlement Class Members in making informed decisions as whether to submit a Claim Form. This preliminary finding, which is made for purposes of approving the Notice Program only, does not prejudice the rights of any Settlement Class Member to object to the Notice Program at the Final Approval Hearing.

13. The Final Approval Hearing shall be held before the undersigned, on **March 24, 2026, at 10:30 a.m. MT** at the Pete V. Domenici United States Courthouse, 440 Hondo Courtroom, Fourth Floor, 333 Lomas Boulevard, Northwest, Albuquerque, New Mexico. At that hearing, the Court shall consider and/or determine, among other things: (i) whether the Settlement

should be finally approved as fair, reasonable, and adequate; (ii) whether to finally certify a Settlement Class for settlement purposes only; (iii) whether the Notice Program complies with the Federal Rules and due process; (iv) the amount of attorneys' fees and costs to be awarded to Class Counsel and the amount of any service awards to be paid to Class Representatives; (v) whether Settlement Class Members should be bound by the Releases set forth in the Agreement; (vi) whether the Final Judgment approving the Settlement and dismissing all claims asserted in this Lawsuit on the merits, with prejudice and without leave to amend, should be entered; and (vii) other actions, if any, to be enjoined or dismissed. The Final Approval Hearing may be postponed, adjourned or rescheduled by order of the Court without further notice to the Members of the Settlement Class, other than that which may be posted at the Court and on the Court's website. The Court reserves the right to approve the Settlement at or after the Final Approval Hearing with such modifications as may be consented to by the Parties and without further notice to the Class Members.

14. Any potential Settlement Class Member who wishes to exclude himself, herself, or itself from the Settlement Class must submit to the Settlement Administrator a written request for exclusion postmarked not later than 45 days after the Notice is sent. As provided in Paragraph 55 of the Agreement, requests for exclusion must be signed and include the Settlement Class Member's name, address, and telephone number, and expressly state the desire to be excluded.

15. The Settlement Administrator shall promptly log each request for exclusion that it receives and provide copies of the log and all such requests for exclusion to Defense Counsel and Class Counsel as requested. Any Settlement Class Member who does not timely and validly request to be excluded from the Settlement Class before the deadline waives the right to do so in the future.

16. Any Settlement Class Member who does not submit a timely, written request for exclusion will be bound by all proceedings, orders and judgments in the Actions, including the terms of the Settlement, if approved. All members of the Settlement Class who do not timely request exclusion in the manner set forth in the class Notice and the Agreement shall be bound by any Final Judgment entered pursuant to the Agreement, and shall be barred and enjoined, now and in the future, from asserting any of the Released Claims, as defined in the Agreement, against any Released Parties, as defined in the Agreement. Upon entry of a Final Judgment approving the Settlement, all members of the Settlement Class shall be conclusively deemed to have fully and finally released all of the Released Parties from any and all Released Claims.

17. Settlement Class Members who do not file a timely request for exclusion, may file an objection to contest the Settlement, in accordance with Paragraphs 57 to 59 of the Agreement. Any such notice of intent to object and/or intervene must be: (a) filed with the Clerk of the Court not later than (forty-five (45)) days after the Notice Date), and (b) sent by first-class mail and postmarked by that date to:

    US District Court
    District of New Mexico
    Pete V. Domenici U.S. Courthouse
    333 Lomas Blvd NW, Suite 270
    Albuquerque, NM 87102;

    Kedar Bhasker
    LAW OFFICE OF KEDAR BHASKER, LLC
    2741 Indian School Rd. NE
    Albuquerque, NM 87106; and

    Michael E. Mumford
    BAKER & HOSTETLER LLP
    127 Public Square, Suite 2000
    Cleveland, OH 44114

18. As further provided in Paragraphs 57 to 59 of the Agreement, to be valid, an

objection must state: (a) the objector's full name, address, telephone number, and e-mail address (if any); (b) information identifying the objector as a Settlement Class Member; (c) a written statement of all grounds for the objection, accompanied by any legal support the objector cares to submit; (d) the identity of all lawyers (if any) representing the objector; (e) the identity of all of the objector's lawyers (if any) who will appear at the Final Approval Hearing; (f) a list of all persons who will be called to testify at the Final Approval Hearing in support of the objection; (g) a statement confirming whether the objector intends to personally appear and/or testify at the Final Approval Hearing; and (h) the objector's signature or the signature of the objector's duly authorized lawyer or other duly authorized representative (along with documentation setting forth such representation).

19. In addition to the foregoing, objections should also provide the following information: (a) a list, by case name, court, and docket number, of all other cases in which the objector (directly or through a lawyer) has filed an objection to any proposed class action settlement within the last three (3) years; (b) a list, by case name, court, and docket number, of all other cases in which the objector's lawyer (on behalf of any person or entity) has filed an objection to any proposed class action settlement within the last three (3) years; and (c) a list, by case number, court, and docket number, of all other cases in which the objector has been a named plaintiff in any class action or served as a lead plaintiff or class representative.

20. Any Settlement Class Member who fails to object or seek to intervene in accordance with this Order will be deemed to have waived the right to object or intervene and shall be barred from raising their objections to the Settlement or Final Judgment in this or any other proceeding, including in an appeal.

21. Plaintiffs' Motion for Final Approval of Class Action Settlement, for attorneys'

fees, costs and expenses, and on behalf of the Class Representative(s) for a service award, as set forth in the Settlement Agreement shall be filed on or before **February 24, 2026.**

22. Class Counsel and/or Defense Counsel may file and serve a written response to any objection not later than five days before the Final Approval Hearing. Objections to the Settlement shall be heard, and any papers or briefs submitted in support of said objections shall be considered by the Court (unless the Court in its discretion shall otherwise direct), only if they comply with the objection procedures set forth herein.

23. Pursuant to the stipulation of Class Counsel, the Court preliminarily orders that they, and their firms, shall not represent, encourage, solicit or substantively assist, in any way whatsoever, any person in requesting exclusion from the Settlement Class. Similarly, Class Counsel, as well as all other counsel of record for the Plaintiffs, and their respective firms, shall not represent, encourage, solicit or substantively assist, in any way whatsoever, any person who requests exclusion from the Settlement Class, in any subsequent litigation that person may enter into with any Released Parties regarding the Released Claims or any related claims, pending final determination of whether the Settlement should be approved. This prohibition will not apply if the Settlement does not become final and effective.

24. The Court further preliminarily finds that neither Defendants, the Released Parties, Defense Counsel nor Class Counsel, shall be responsible in any way for any attorneys' lien(s) or medical lien(s) submitted for any of the Settlement Class Members, nor shall any such liens be created by any of the efforts of the Parties to effectuate any of the terms of the Settlement Agreement.

25. Upon entry of this Order, all proceedings in the Actions shall be stayed until further order of the Court, except such proceedings as may be necessary either to implement the

Settlement or to comply with or effectuate the terms of this Agreement or Federal Rule of Civil Procedure 23.

26.     Pending final determination of whether the Settlement should be approved, Plaintiffs and all Settlement Class Members are preliminarily enjoined from bringing any new action, including without limitation, a new alleged class action, or attempting to amend an existing action, against Defendants or any of the other Released Parties, to assert any claims that would be released pursuant to the Settlement. This includes, but is not limited to, (a) any and all claims that arise out of the alleged facts, circumstances, and occurrences underlying the allegations as set forth in the Complaints filed in the Actions; (b) any and all claims disputing the value of UM/UIM coverage or premiums based on the *Schmick* offset or New Mexico being a "gap theory" state with respect to the payment of UIM benefits; (c) any and all claims related to or arising out of UIM benefits being reduced or denied due to a *Schmick* offset; (d) any and all claims for penalties arising from or relating to late payment, non-payment, or underpayment of benefits for UM/UIM claims; and (e) any and all claims arising from or relating to the claim readjustment process provided for in this Agreement, including, but not limited to, any claims that Loya readjusted, determined, or paid a Valid Claim for Claim Readjustment Payment improperly, in bad faith, or in violation of any statute, regulation, or other applicable law. Plaintiffs and all Settlement Class Members are further enjoined from proceeding with any pending action which asserts against any of the Released Parties any claims, including putative class claims, arising out of or related to the claims and allegations asserted in the Actions or that would otherwise fall within the scope of the Released Claims, as defined in the Agreement.

27.     If final approval of the Settlement is not obtained or the events set forth in the Agreement are not satisfied, this preliminary certification order, any final certification of a

Settlement Class, and Final Judgment approving the Settlement shall be vacated *ab initio*.

28. Upon motion of any party, the Court may, for good cause, extend any of the deadlines set forth in this Order without further notice to the Settlement Class.

29. If any deadline in this order falls on a non-business day, then the deadline is extended until the next business day.

IT IS SO ORDERED.

Dated: October 29, 2025

_____
KIRTAN KHALSA
UNITED STATES MAGISTRATE JUDGE